UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEJANDRO RODRIGUEZ RAMOS,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-08388-DC-CSK (HC)

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. Nos. 1, 2, 3)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Respondent does not oppose the court ruling directly on the merits of the habeas petition. (Doc. No. 7 at 4.) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition. For the reasons explained below, the court finds that Respondent violated the Immigration and Nationality Act and Petitioner's right to due process by failing to provide Petitioner with a prompt custody redetermination hearing despite his explicit request for one. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

## BACKGROUND

Petitioner Alejandro Rodriguez Ramos is a native of Mexico. (Doc. No. 7 at 12.) Petitioner entered the United States without inspection on an unknown date. (*Id.* at 13.) Petitioner does not have any prior interactions with immigration authorities in the United States.[1] (*Id.*)

Petitioner was detained by immigration authorities on September 2, 2026.[2] (*Id.*; Doc. No. 1 at 2.) At the time of his arrest Petitioner was served with a notice to appear (Doc. No. 7 at 7–10); an arrest warrant (*id.* at 16); and a notice of custody determination (*id.* at 18–20). Each of these documents is dated September 2, 2026. (*Id.*) On Petitioner's notice of custody determination, Petitioner checked the box indicating his "request [for] an immigration judge review of this custody determination." (*Id.* at 18.) That request is also dated September 2, 2026. (*Id.*) At the time Respondent filed his opposition on October 16, 2026, Petitioner had not been provided a custody redetermination hearing. (*Id.* at 2.)

On October 13, 2026, Petitioner filed the pending habeas petition alleging that his ongoing immigration detention without a bond hearing violates his Fifth Amendment right to due process. (Doc. No. 1 at 6.) On October 16, 2026, Respondent filed his response arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a), and that his petition is now moot as Petitioner requested removal to Mexico at an October 13, 2026 hearing before an immigration judge. (Doc. No. 7 at 2–4.) On the same day Respondent filed digital audio recordings of the master calendar hearing where Petitioner requested removal to Mexico. (Doc. Nos. 8, 9, 10.)

/////

---

[1] Petitioner's record of deportable/inadmissible alien indicates that Petitioner "entered the United States without being Inspected or Admitted by an Authorized [I]mmigration Official" then "remained in the United States with permission from [the Department of Homeland Security]." (Doc. No. 7 at 13.) The court understands this to be a scrivener's error, and that Petitioner remained in the United States *without* permission from DHS; Petitioner's immigration history shows no prior interactions with immigration authorities.

[2] Petitioner alleges that he was detained at his Immigration and Customs Enforcement routine checkup. (Doc. No. 1 at 2.) In Petitioner's record of deportable/inadmissible alien, the arresting officer alleges Petitioner was detained pursuant to "a targeted enforcement operation." (Doc. No. 7 at 13.) The precise circumstances of Petitioner's initial detention do not impact the court's analysis here.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

## DISCUSSION

Petitioner argues that his arrest and continued detention violate his statutory rights under the Immigration and Nationality Act and constitutional rights under the Fifth Amendment Due Process Clause because he has "been detained pending immigration matters" and "the government has not provided [him] with a bond hearing" since his detention on September 2, 2026. (Doc. No. 1 at 6.) In his response, Respondent argues that Petitioner is lawfully detained under § 1226(a) and is not entitled to relief beyond what is provided in that statute. (Doc. No. 7 at 3.) Respondent acknowledges that Petitioner "requested a custody redetermination hearing before an immigration judge" and that "no custody determination hearing has yet been provided." (*Id.* at 2.) Respondent additionally argues that Petitioner's request for a custody redetermination hearing and habeas petition are now moot because Petitioner requested removal to Mexico at an October 13, 2026 hearing before an immigration judge. (Doc. No. 7 at 2, 4.)

Section 1226(a) establishes the "general rule" for the "arrest, detention, and release" of noncitizens already present in the United States "who are believed to be subject to removal."

*Nielsen v. Preap*, 586 U.S. 392, 396 (2009). Section 1226(a) and its implementing regulations mandate that the government only detain noncitizens believed to be subject to removal "under the authority of Form I-200, Warrant of Arrest" issued by designated supervisory officers. 8 C.F.R. § 236.1(b). Following detention, the government "may" continue to detain such noncitizens "pending a decision on whether [they are] to be removed from the United States." 8 U.S.C. § 1226(a). The government may additionally detain noncitizens without a warrant in certain exigent circumstances not alleged here. *See* 8 U.S.C. § 1357(a)(2). Regardless of whether the noncitizen's detention is with or without a warrant, Department of Homeland Security ("DHS") officers must conduct an initial custody determination upon the noncitizen's arrest to determine whether detention or release is appropriate under § 1226(a). 8 C.F.R. § 236.1(c)(8). The DHS officer making this initial custody determination memorializes the decision on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

This court, along with numerous others within the Ninth Circuit, have found that due process requires noncitizens who request a custody redetermination hearing to be promptly provided with one. *See Brito v. U.S. Immigr. and Customs Enf't*, No. 1:26-cv-07869-DC-CSK, 2026 WL 3120979, at *4 (E.D. Cal. Oct. 19, 2026) ("[D]ue process required [the petitioner] to be provided with a prompt custody redetermination hearing before an immigration judge."); *Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1226 (S.D. Cal. 2019) (emphasizing that there "is a recognized value to a prompt post-deprivation hearing when a fundamental liberty interest is at issue even in non-confinement cases"); *Feng v. Lyons*, No. 1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) ("Provision of a bond hearing after months of detention without the opportunity to seek release on bond cannot be said to satisfy due process where that

bond hearing is a matter of statutory right.”).

Here, Petitioner has been deprived of his statutory right to a custody redetermination hearing for approximately seven weeks. Respondent contends that the government’s failure to provide Petitioner with a bond hearing is immaterial because “Petitioner recently requested a removal order to Mexico.” (Doc. No. 7 at 2.) Respondent further argues that Petitioner’s request for removal renders his habeas petition moot. (*Id.* at 4.) Respondent’s argument is unavailing. As Respondent acknowledges, Petitioner’s removal order is not yet final as Petitioner is still within the appeal period for that order. (*Id.* at 2 n.1.) Thus, Petitioner’s detention remains discretionary under § 1226(a) and has not become mandatory under 8 U.S.C. § 1231(a)(2). *See* 8 C.F.R. § 1231(a)(1)(B) (stating that an order of removal becomes final rendering detention mandatory upon, as relevant here, “expiration of the time allotted for an appeal if the respondent does not file an appeal within that time”). Thus, Petitioner was initially detained under § 1226(a) and remains detained under § 1226(a). Under § 1226(a), Petitioner is entitled to a custody redetermination hearing. His current unlawful detention under § 1226(a) is not rendered moot merely because the basis for Petitioner’s detention may shift should he opt not to appeal his removal order. *See Lopez v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-03343-JLT-EPG, 2026 WL 2274713, at *2 (E.D. Cal. Aug. 6, 2026) (stating that habeas challenge to detention under § 1226(a) became moot only after Petitioner “did not file an appeal within the thirty-day window” such that his removal order became final).

Accordingly, for the reasons explained in *Brito*, the court finds that Petitioner’s continued detention violates his constitutional right to due process and will grant Petitioner’s habeas petition and motion for a temporary restraining order. Further, as the court explained in *Brito*, the proper remedy for this violation is Petitioner’s immediate release. 2026 WL 3120979, at *4.

**CONCLUSION**

For the reasons stated above,

1. Petitioner’s petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a. Respondent shall immediately release Petitioner Alejandro Rodriguez

Ramos (A-222-574-080) from his custody;

b. Upon his release, Respondent shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;

c. Respondent shall RETURN all of Petitioner's documents and possessions upon his release from custody;

d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

2. Petitioner's motion to appoint counsel (Doc. No. 3) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

Dena Coggins
United States District Judge